# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## ATHENS DIVISION

| | | |
|---|---|---|
| TEDDY FOWLER, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO.:  3:23-cv-62 (CDL) |
| | ) | |
| GEORGIA RENEWABLE POWER, LLC; *et al*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## PROTECTIVE ORDER

Discovery in this action seeks materials that contain proprietary trade secrets, confidential pricing information, and other confidential commercial information and research, including design materials, operation, development and commercial agreements subject to contractual confidentiality obligation. Accordingly, pursuant to Fed. R. Civ. P. 26(c) and for good cause shown, it is hereby ORDERED that:

1.  **Purpose.** The Parties have agreed that certain documents and information produced or disclosed during this litigation are and should be treated as confidential to prevent injury to the Parties or others through disclosure to persons other than Plaintiffs; Plaintiffs' attorneys; Defendants' attorneys; Georgia Renewable Power, LLC representatives; GRP Madison, LLC representatives; and Veolia Energy Operating Services, LLC representatives who are directly involved in the defense of this litigation with a litigation-based need for access to the confidential information.

2.  **Scope.** "Confidential Information" includes, but is not limited to, information, which concerns or relates to (a) non-public information, which concerns or relates to Defendants'

businesses, customers, suppliers, operations, or trade secrets, (b) non-public information disclosing the pricing of Defendants' contracts with non-party entities, and (c) commercial agreements subject to confidentiality terms. The term "trade secrets" includes, but is not limited to, inventories, technical data, pricing data, design data, manufacturing and processing operations, design processes, architecture plans, drawings, or schematics, compilations of information, records, design specifications and similar documents that are owned by them, and that are regularly used by a Party. Information or documents which are knowingly made available to the public or which are regularly provided to outside parties who do not have confidentiality agreements or are not in a confidential relationship with a Party may not be designated as "Confidential."

3.      **Subject to Protection.** Such Confidential Information is subject to protection under Fed. R. Civ. P. 26(c) because its disclosure would cause competitive injury to the producing entity, reveal trade secret or proprietary business information, or cause the producing entity to violate its confidentiality obligations. The Parties mutually recognize the need to protect such Confidential Information, as set forth herein.

4.      **"Confidential" Designation.** The Court finds that any party to this action, or nonparty from whom discovery is sought, may designate as "Confidential" any discovery material containing Confidential Information, including without limitation selected excerpts of deposition testimony, answers to requests for admissions and interrogatories, and documents or things provided in response to requests for production or subpoenas. Designation of Confidential Information shall constitute a representation by the designating party that there is a valid and good faith basis for the designation, that such information comes within the definition of Confidential Information recited in Paragraph

2

2, and that disclosure of such information to persons other than those permitted access to such information in paragraph 7(c) hereunder would cause the producing entity to violate contractual or legal confidentiality obligations, would violate an individual's privacy interests, and/or would cause competitive injury to the producing entity.

5.   **Form of Designation.** In connection with this litigation, the Parties may designate certain documents or information derived therefrom as "Confidential" under the terms of this Order. "Confidential" documents or material shall be so designated by a Party (the "Producing Party") by stamping copies of the document or material produced to a Party with the legend "Confidential." Each page of any document the Producing Party deems "Confidential" shall be marked with the legend "Confidential." Such legend should be stamped in a manner which will not interfere with the legibility of the document and which will permit complete removal of the "Confidential" designation.

6.   **Timing of Designation.** Documents shall be designated "Confidential" prior to, or contemporaneously with, the production or disclosure of the documents. If parties produced documents prior to the effective date of this Consent Protective Order which they wish to designate as "Confidential" under the terms of this Consent Protective Order, parties shall so designate any such documents within thirty (30) days of the effective date of this Consent Protective Order. Inadvertent or unintentional production of documents without prior designation as "Confidential" shall not be deemed a waiver, in whole or in part, of the right to designate those or other documents as "Confidential" as otherwise allowed by this Consent Protective Order.

7.   **Depositions.** Depositions involving Confidential Material shall be taken only in the presence of "qualified persons" as defined herein. Any party may designate deposition

3

testimony as Confidential by advising counsel of record or Plaintiff within thirty (30) days of receipt of a copy of a transcript. Such designation(s) must specify the pages of the transcript and/or number of the exhibits being designated as "Confidential." All deposition testimony involving Confidential Material shall be deemed to be Confidential for a period of thirty (30) days after counsel's receipt of a copy of the transcript, or such other time as may be mutually agreed-upon by the parties. Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential, by advising all persons present at the deposition that the information is Confidential and subject to this Consent Protective Order that governs its use.

8. **Protection of Confidential Material.**

   a. **General Protection.** Material designated as "Confidential" under this Order, the information contained therein, and any summaries, copies, abstracts, photographs, drawings, graphics, or other documents derived in whole or in part from material designated as "Confidential" (hereinafter "Confidential Material") shall be used by the Plaintiffs only for the purpose of the prosecution, defense, or settlement **of this action only**, and for no other purpose. Such Confidential Material shall not be used in or for other cases, proceedings, or disputes, or for any commercial, business, competitive, or other purpose whatsoever. Nothing in this Consent Protective Order shall be construed to prejudice any Party's right to use Confidential Information at any trial, hearing, or deposition in this action, provided that reasonable notice shall be given to enable the Parties to arrange for appropriate safeguards. Likewise,

nothing in this Consent Protective Order shall be dispositive of any issues of relevance, discoverability, or admissibility.

b. **Responsibility of Counsel and Plaintiff.** It is the responsibility of the Parties and counsel signing this agreement to take reasonable efforts to maintain Confidential Material in a secure and appropriate manner so as to allow access to Confidential Material only to such persons as are permitted pursuant to this Consent Protective Order.

c. **Limited Third Party Disclosures.** Except as expressly permitted herein, as otherwise provided by Order of the Court or by applicable Court rules, or with the prior written consent of the Designating Party, no Party subject to this Order shall disclose Confidential Information to any person or entity, or representative of such person or entity, who is not a Party hereto; rather, such Confidential Information shall be disclosed only to Qualified Persons, as defined below, who are participating, or assisting, in the conduct of this action, and may not be used, copied, or disclosed for any purpose other than in connection with the conduct of this action. Subject to the provisions of Paragraph 6(d) below, a person may disclose Confidential Information received in connection with this action only to the following "Qualified Persons":

   i. Employees, contract employees, agents, and members of the Parties, including in-house lawyers, assisting in the prosecution or defense of this action who have need to review Confidential Information in order to assist the party in connection with the claims, counterclaims, and defenses asserted in this action;

ii.    outside counsel retained by the parties with respect to this matter and the employees of such counsel, including any contract attorneys assisting outside counsel with respect to this matter;

iii.    expert witnesses or consultants retained or specially employed by a party for this action or in connection with the project that is the subject matter of this action, provided that such person first executes a Confidentiality Agreement in the form attached hereto as **Attachment A**;

iv.    electronic discovery vendors and copy and print services and their employees and contractors retained by the parties or by outside counsel for the parties for this matter;

v.    non-party witnesses, provided such disclosure is made in connection with the witness's deposition or testimony at a trial or hearing in this matter;

vi.    court reporters and videographers retained by the parties to record testimony; and

vii.    the Court and its employees, including any special master appointed under Fed. R. Civ. P. 53 and his or her employees.

d. **Notification to Qualified Persons of Existence of Order.** It is further ordered that before providing access to or disclosing any Confidential Materials to "qualified persons," other than Parties or their counsel, described herein, the party in possession of such material shall, prior to disclosure, inform the

individual to whom the Confidential Material is to be disclosed that such information is subject to the terms of this Order and shall have all persons who are given access to Confidential Material other than members of the attorneys' staff sign a copy of this Order to acknowledge their familiarity with the terms of the Order and its binding force.

e. **Copies.** All copies, duplicates, extracts, summaries or descriptions (hereinafter referred to as "copies"), of documents designated as "Confidential" under this Order, or any portion of such a document, shall be immediately affixed with the designation "Confidential" if the word does not already appear on the copy. All such copies shall be afforded the full protection of this Order.

9.    **Challenging a "Confidential" Designation.** A party may object to the designation of material as Confidential Information by notifying the producing person in writing, specifying the material at issue, and providing the grounds for the objection. Within ten (10) business days of such notice or such later time as the parties may agree, the parties and any other person whose Confidential Information is at issue shall confer concerning the designation of the material. If differences remain after the conference, the party designating the disputed material as Confidential Information shall move the Court for a protective order to have the material maintained as Confidential Information within ten (10) business days of the conference, and the material shall retain its confidential status until further order of the Court. If the motion for protective order is denied or withdrawn, and the material at issue was the subject of an instruction to a deponent not to answer questions at a deposition or the designation prevented use of the material at a deposition, the designating party will bear the out-of-pocket expenses of the deposing counsel for producing the deponent at a rescheduled deposition to address the material. A party's decision not to object to the designation of any material as confidential shall not constitute an agreement or admission that the material is in fact confidential.

10.     **Injunction on Use of Confidential Material.** All persons to whom Confidential Material is disclosed are hereby enjoined from using the same except in connection with this litigation (under such safeguards as the Court may require) and from disclosing the same to any other person except as provided herein. No person viewing, receiving, or reviewing such Confidential Material shall disclose it or its contents to any person other than those described in herein and for the purposes specified, and in no event shall such person make any other use of such document or information.

11.     **Non-Party.** If any non-Party produces information that contains Confidential Information in connection with this litigation, such non-Party Confidential Information shall be governed by the terms of this Order.

12.     **Owned by or in Possession of a Party.** This Order does not restrict in any manner the use or disclosure by a Party of any Confidential Information that is owned by the Party. The restrictions on a party's disclosure and use of Confidential Information do not apply to material designated as "Confidential" that: (a) is legally in possession of the receiving party prior to receipt thereof from the other party; (b) the receiving party can show by reasonable evidence to have been independently developed by the receiving party or its employees, members, consultants, affiliates or agents (c) enters the public domain through no fault of the receiving party or others within its control; or (d) is disclosed to the receiving party by a third party, without restriction or breach of an obligation of confidentiality to the disclosing party.

13.     **Objection to Public Filing of Confidential Material.** Before publicly filing any Confidential Material obtained in this action, the party wishing to file such material shall provide five (5) days written notice to the Producing Party of the documents it intends to

publicly file. Once notified, the party objecting to the public filing must respond with written objections within (3) days or waive its right to contest the public filing of material designated Confidential. Upon notification of objections to the public filing of Confidential Material, the parties must confer to determine whether these concerns can be resolved without motion practice and prior to any public filing of such materials to any third parties. If the parties cannot agree on appropriate practices for handling such Confidential Material, the party opposing the public filing shall promptly move the court for an appropriate protective order limiting how such information may be filed. The Parties understand that documents may be filed under seal only with the permission of the Court after proper motion pursuant to the obligations outlined in the Court's Local Rules and Judge Clay D. Land's Discovery and Scheduling Order [Document 10].

14.  **Use of Confidential Material in Court Proceedings or Inadvertent Disclosure.**  In the event any Confidential Material is used in any court proceeding in this action, it shall not lose its confidential status through such use. Further, a party's inadvertent or unintentional disclosure of any of its own Confidential Material shall not be construed to be a waiver, in whole or in part, of the party's claim of confidentiality, either as to the specific Confidential Material disclosed or as to other related information.

   a.  **Inadvertent Production.** If, after the date this Protective Order is entered by the Court, a Party inadvertently and in good faith produces Confidential Information that has not been designated as such, then the Party may designate the information or documents as "Confidential Information" by subsequent written notice to the other Parties specifically identifying the information and furnishing the correct designation and, from the date of receipt of the written notice by the Party so notified, the

Confidential Information so designated shall be subject to the terms of this Protective Order. A Party who produces and fails to designate as Confidential material containing Confidential Information may provide each receiving party with written notice of that person's intent to designate the material as confidential within ten (10) business days of discovering the failure to designate. The producing party shall not be required to prove that the production was inadvertent or that it took reasonable steps to prevent disclosure. If the discovery of the failure to designate occurs at deposition, it shall be sufficient notice as to all receiving parties represented at the deposition if the producing party states on the record its intent to designate the material as Confidential, and further written notice to such parties shall not be required. Upon receipt of such notice, the noticed material shall be treated as confidential. Within ten (10) business days of discovering the inadvertent failure to designate, the producing party shall replace the material with copies marked "Confidential," and upon receipt of the replacement material, the receiving party shall promptly return or destroy all unmarked copies of the noticed material. Prior disclosure of the noticed material shall not be deemed a violation of this Order, provided that, within ten (10) business days of receiving notice of the intent to designate previously produced material as Confidential, each receiving party: (i)informs the noticing party in writing of any prior disclosures;

(ii) instructs in writing any recipient who is a Qualified Person to treat the noticed material as Confidential Information until replacement copies with the Confidential designation are provided;

(iii) instructs in writing any recipient not a Qualified Person to return the material and makes reasonable effort to retrieve the material in a timely manner; and (iv) destroys or returns to the noticing party all copies of the noticed material produced without the Confidential designation within ten (10) business days after receiving replacement copies with the Confidential designation.

b.   If, in connection with this action, a party inadvertently discloses information subject to a claim of attorney-client privilege or work-product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work-product protection with respect to the Inadvertently Disclosed Information and its subject matter.

c.   If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide confirmation from counsel that all such information has been returned or destroyed. In the event that there is a dispute over whether the documents at issue are protected from disclosure by virtue of a privilege or immunity from discovery, the receiving party shall nevertheless: (a) make no further use of the alleged Inadvertently Disclosed Information; and (b) immediately segregate all copies (whether electronic or hard copy) thereof in a manner that will prevent further disclosure or dissemination of their contents. Counsel shall undertake reasonable efforts to resolve the issue without the Court's intervention. To the extent counsel cannot resolve the issue, the receiving party may make an application to the Court as appropriate for production of the alleged Inadvertently Disclosed Information. For clarity, counsel for the receiving party may review the Inadvertently Disclosed

Information to determine whether there is a dispute over whether the documents at issue are protected from disclosure, but the receiving party may not assert as a ground for compelling production the fact or circumstance that the alleged Privileged Documents had already been produced.

15. **No Admission, Waiver, or Alteration of Existing Obligations.** Nothing in this Consent Protective Order, nor the production of any information or document, nor the granting of an inspection of the subject sites at issue, nor any proceedings pursuant to this Consent Protective Order shall be deemed to have the effect of an admission or waiver by any party regarding such document or information. Nor shall this Consent Protective Order alter any existing obligation of any party.

16. **No Waiver of Objection to Admissibility.** This Consent Protective Order shall not be construed as a waiver by any Party of any objection, which might be raised as to the admissibility of any evidentiary material.

17. **Treatment on Conclusion of Litigation.** The parties shall return or certify the destruction of all Confidential Information received from another person (including all copies, extracts, and summaries thereof, other than attorney work product) to counsel for the producing person within thirty (30) days after entry of final judgment or order of dismissal following settlement, or completion of any appeal, whichever is later.  The obligation to return or destroy materials covered by this Order does not apply to any copies that may exist on a back-up tape or drive unless and until those copies are accessed or restored.  In that instance, the accessed or restored copies shall promptly be destroyed.

18.     **Duration of Order.** This Order shall remain in full force and effect during and after the termination of these actions, whether by settlement, judgment, or other disposition, and all appeals therefrom, until modified by an Order of this Court.

19.     **Prior Productions.** All document productions that have been made prior to the entry of this Protective Order are subject to all the terms of this Protective Order.

   **SO ORDERED** this 30th day of August, 2023.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF GEORGIA

# ATTACHMENT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **TEDDY FOWLER, et al.,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No.:  3:23-cv-62 (CDL)** |
| ) | **(Lead Consolidated Case)** |
| **GEORGIA RENEWABLE POWER,** ) | |
| **LLC, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## CONFIDENTIALITY AGREEMENT

I, _____, state as follows:  (a) I have read a

copy of the Stipulated and Proposed Protective Order entered in this case on August ___, 2023;

(b) I recognize that during my participation in this matter, I may have occasion to read or hear

information that has been designated confidential; (c) I agree not to disclose any information

designated as confidential to any person not entitled to receive disclosure of such information

under the provisions of the Stipulated and Proposed Protective Order; (d) I agree to use any

information designated as confidential in this matter only in connection to my participation in this

matter; and (e) I agree to abide by and be bound by the terms of the Stipulated and Proposed

Protective Order.

Name: _____

Job Title: _____

Employer: _____

Address: _____

Signature: _____

Date: _____